EDMUND H. WATKINS, Appellant, *v.* TIMOTHY D. WILCOX et al., Respondents.

If property be given or granted to a society incorporated under either of the first three sections of the act of 1813 (chap. 60, Laws of 1813), providing for the incorporation of religious societies, by words vesting the title and not plainly uniting the right to hold with the faith or doctrine of any particular denomination or body, a change in the religious tenets or church discipline held by it at the time of the acquisition will not deprive the corporation of the property. The majority of the corporators control and may use the property for any purpose which is religious.

As to whether an action can be brought by an individual member of an incorporated religious society against its trustees to restrain the use for other religious purposes of property granted to it to be used solely for the purpose of conducting religious services in accordance with the forms and usages of a particular religious denomination, *quære.*

(Argued June 8, 1876; decided September 19, 1876.)

THIS action was brought by plaintiff, as a member and one of the corporators of a religious society incorporated under the general act for the incorporation of religious societies (chap. 60, Laws of 1813), against its trustees, to restrain the use of its church property for other purposes than to conduct religious services according to the forms, usages and constitution of the Protestant Reformed Dutch Church.

Said society was incorporated under the name of "The

Elders and Deacons of the Reformed Protestant Dutch Church of Ithaca." Property was purchased by it for church purposes. The conveyance did not specify any particular religious uses. The society so incorporated established ecclesiastical relations with the classis of the Reformed Dutch Church of Geneva and with the synods of that denomination. It continued in such relationship until December, 1872, when, by a vote of a large majority of its members, it severed this relation and became an independent religious organization, subject to no superior ecclesiastical judicatory. It retained, however, its faith and the same internal government as before and continued to accept and teach the same doctrines and religious belief. It changed its name to that of "The First Congregational Church of Ithaca" and employed a Congregational minister. The matter of ecclesiastical subordination to classis and synod was pronounced by the classis of Geneva to be voluntary, subject to be put off at the will of either party. The court, without passing upon the question of the right of plaintiff to maintain such an action, *held*, that in this case the equitable powers of the court could not be invoked: First. Because it was not shown that the property in question was conveyed or given to the society for any specific pious purpose, but it was acquired for general religious uses, and that in such case the majority of the congregation could control; the court stating the rule substantially as above, and citing *Robertson* v. *Bullions* (11 N. Y., 243), *Petty* v. *Tooker* (21 id., 267), *Gram* v. *The P. E. E. L. G. Society* (36 id., 161). Second. It did not appear that there had been such a diversion of the property of the corporation as would warrant a court of equity in interposing to restrain it; that the decision of the classis as to the right to sever connection with it not having been reversed or appealed from, was the law of the case (*Connitt* v. *R. P. D. Ch.*, 54 N. Y., 551); that the calling of a Congregational minister as pastor was not such diversion as it appeared that it was not unexampled or so unusual as to excite ecclesiastical attention in the Dutch Reformed Church. The opinion closes by quoting from the opinion of Gardiner, president, in *Gable* v. *Miller* (2 Den., 492, 548), as follows:

"It must be a plain and palpable abuse of trust which will induce a court of equity to interfere respecting a controversy growing out of a difference in religious and sectarian trusts."

*S. D. Halliday* for the appellant.

*Marcus Lyon* for the respondents.

FOLGER, J., reads for affirmance.
All concur, except RAPALLO and MILLER, JJ., not voting.
Judgment affirmed.